Argued May 20, affirmed June 16, 1975

NATION, *Petitioner, v.* OREGON RACING
COMMISSION ET AL, *Respondents.*
536 P2d 536

*Keith D. Skelton,* Portland, argued the cause and
filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

Petitioner appeals from an order of the Oregon Racing Commission finding him in violation of ORS 462.415(1)(b) and 462.420,[1] and suspending his license to race greyhounds for 30 days.

After one of petitioner's dogs participated in a race on June 4, 1974, an apparently routine laboratory test detected quinine in the dog's urine. A member of the Board of Stewards[2] orally notified petitioner of the test results and directed him to appear before the Board. The Board held a hearing on June 10. No record of this hearing exists. The Board suspended petitioner's license and referred the case to the racing commission. Petitioner did not seek a

---

[1] ORS 462.415(1)(b) provides:

"(1) No animal is entitled to participate in any race if:
"* * * * *

"(b) It possesses in its system at the time of the race any drug detected by any of the testing methods approved by the commission or customarily employed on the testing of urine, saliva, blood or other samples from racing animals."

ORS 462.420 provides:

"No person shall stimulate or depress any animal involved in any race or otherwise affect in any way the animal's ability to perform therein, either prior to or during a race, by the administration of drugs or by the use of any electrical device or equipment or by any mechanical or other device not sanctioned by the commission."

[2] The Board of Stewards is a group appointed by the racing commission pursuant to ORS 462.250 to supervise individual race meets.

commission stay of the Board's order which is authorized by ORS 462.405(2).[9]

Petitioner was given written notice to appear on June 26 for a hearing before the racing commission. That hearing was in the form of a trial de novo, and a record was made. The commission found that petitioner's dog had quinine in his system during a race in violation of ORS 462.415(1)(b) and 462.420.[4] The commission suspended petitioner's license from June 11 through July 10. Thus, half of this suspension had already been served prior to the commission's order.

■ Petitioner's main argument is that the Board of Stewards failed in numerous respects to comply with the required procedures in an administrative contested case. But it is the order of the racing commission that is on review, not the earlier order of the Board of Stewards. The commission conducted a full de novo hearing. No mention was made of the prior proceedings before the Board. The commission's order effectively superseded the preliminary order of the Board. There is no allegation that the procedures followed by the Board of Stewards affected the order of the racing commission. Therefore, procedural errors allegedly committed by the Board are not cognizable in this appeal from the commission's order.

■ Petitioner next contends that the written notice of the racing commission hearing did not comply with the requirements of the applicable agency rules. These rules detail the contents of the notice required by ORS 183.415(2). However, ORS 183.480(7)(a) states that

---

[9] ORS 462.405(2) provides:

"Any sanction imposed by the board of stewards shall take effect on the date so indicated in the board's ruling unless the effective date is stayed for good cause shown by specific order of the commission pending review."

[4] On appeal petitioner does not contend that quinine is other than a drug within the ambit of ORS 462.415(1)(b) and 462.420.

"* * * defects in the content of the notice required by ORS 183.415 not asserted at or prior to the commencement of the hearing before the agency shall not be cause for reversal or remand * * *."

Petitioner did not assert any defect in the written notice prior to this appearance in this court. *Campbell v. Bd. of Medical Exam.*, 16 Or App 381, 518 P2d 1042 (1973), Sup Ct *review denied* (1974).

■ One final issue which petitioner raised in his petition for judicial review and at oral argument, but not in his brief, is his contention that the penalty imposed by the racing commission was excessive. Assuming that petitioner did not waive this argument by failing to state it in his brief,[9] the sanction imposed was within the statutory authority of the commission, and cannot be disturbed on appeal. *Remodeling Consult. v. Builders Bd.*, 19 Or App 794, 528 P2d 1373 (1974), Sup Ct *review denied* (1975).

Affirmed.

---

[9] Supreme Court and Court of Appeals Rules of Procedure, Rule 6.18 provides:

"In appeals in actions at law, no alleged error of the trial court will be considered on appeal unless regularly assigned as error in the appellant's (or cross-appellant's) opening brief, except that the appellate court may take notice of errors of law apparent on the face of the record.